IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BILLY CLARK, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 20-cv-01048-JPG |
| TERRY GALLION, JOHN D. LAKIN, and MADISON COUNTY, ILLINOIS, | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On August 26, 2020, Plaintiff Billy Clark, a former inmate at Madison County Jail filed a Complaint pursuant to 42 U.S.C. § 1983 in the Circuit Court for the Third Judicial Circuit for Madison County, Illinois. (Doc. 1-2, pp. 1-5). In the Complaint, Plaintiff brings two claims against the defendants for violations of his constitutional rights that occurred during routine pat down searches for weapons and contraband. (*Id.*). He seeks money damages. (*Id.* at p. 8). Defendants removed the case to this federal judicial district pursuant to 28 U.S.C. §§ 1441, 1446, and 1331 on October 2, 2020. (Doc. 1). Plaintiff made no objection. The Court finds that removal is proper.[1] In lieu of an answer to the Complaint, Defendants each filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 7, 8, and 11). For the reasons set forth below, all three motions shall be **GRANTED**.

---

[1] Defendants filed a Notice of Removal on the basis of federal question jurisdiction on October 2, 2020, within thirty days of service of the Complaint on them on September 4, 2020. *See* 28 U.S.C. §§ 1441, 1343, 1331. The district court has jurisdiction of the civil action and finds that removal is proper. *See* 28 U.S.C. §§ 1441 (a), (c)(1)(A).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1-2, pp. 1-5): From August 2019 until March 2020, Deputy Sheriff Timothy Gallion allegedly engaged in a course of conduct that violated Plaintiff's constitutional rights. (*Id*.). At the time, Gallion was in charge of guarding and supervising the cleaning and scrubbing work at the Jail. (*Id*. at ¶ 4). As part of his daily duties and routine, Gallion conducted a pat down search of the inmates. (*Id*.). While searching for contraband and weapons, Gallion put his hands inside the waist band of Plaintiff's trousers and rubbed and caressed his bare skin. (*Id*. at ¶ 5). Gallion also ran his hands up Plaintiff's trousers and caressed and rubbed his clothed genitalia. (*Id*. at ¶ 6). At times, he stood or sat unreasonably close to Plaintiff, rubbing his leg against Plaintiff's leg. (*Id*. at ¶ 7). All of this caused Plaintiff to suffer embarrassment, mental anguish, and emotional distress. (*Id*. at ¶ 8).

Based on these allegations, Plaintiff brings a Section 1983 claim for unspecified constitutional violations against Gallion in Count 1 and against Sheriff John Lakin and Madison County, Illinois, in Count 2.

## Motions to Dismiss Complaint

Defendants each filed a Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 7, 8, and 11). They argue that the Complaint violates Federal Rules of Civil Procedure 8 and 10 and also fails to allege facts sufficient to plead a cause of action against each defendant. (*Id*.). For these reasons, Defendants seek dismissal of the claims against them. (*Id*.).

## Applicable Legal Standard[2]

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") is to decide the adequacy of the Complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to survive a Rule 12(b)(6) motion to dismiss, the Complaint must allege enough factual information to "state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A Plaintiff need not plead detailed factual allegations, but he or she must provide "more than labels and conclusions, and a formulaic recitation of the elements" of a cause of action. *Twombly*, 550 U.S. at 570. When considering a motion to dismiss filed pursuant to Rule 12(b)(6), the Court must accept well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## Discussion

### A.     Violations of Rules 8 and 10

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth general requirements for properly pleading claims in a complaint. The purpose of these rules is to "give defendants fair

---

[2] Plaintiff has not indicated whether he was confined as a pretrial detainee or convicted prisoner on the date he filed this action in state court. If he was a "prisoner" as defined in 28 U.S.C. 1915(g), the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). It appears that Plaintiff was not confined at all on the date he commenced this action, so Section 1915A does not govern the matter. The below analysis under Section 1915A would result in the same outcome regardless.

notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555 (2007)). Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8(d) requires that each allegation within the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Rule 10 requires a plaintiff to "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and . . . 'each claim founded on a separate transaction or occurrence' [must] be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard*, 658 F.3d at 797. These rules "require[ ] parties to make their pleadings straightforward." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The Complaint violates both rules.

Plaintiff divides the Complaint into two separate counts. He then sets forth virtually identical allegations in support of both and uses the same paragraph numbering for the repetitive paragraphs. Although a district court normally will not dismiss a complaint simply because it contains repetitious or irrelevant material, it also serves no purpose and causes confusion. *Id*.

Plaintiff also failed to identify any causes of action. Although he refers to 42 U.S.C. § 1983, Plaintiff identifies no constitutional basis for his claims against the defendants. He uses narrative form to describe a series of events that present potential violations of his rights under state and/or federal law. However, Plaintiff fails to identify which violations of his rights occurred. His allegations appear to encompass more than one potential claim under each count. Plaintiff is apparently relying on the Court to discern the legal basis for this lawsuit. However, Plaintiff must decide what claims to bring against the defendants; the Court cannot make this decision for him.

4

The Complaint is far from straightforward, and the allegations are far from clear. Given this, the Court finds that the Complaint violates Rules 8 and 10. The Complaint is subject to dismissal on this basis alone.

**B.      Failure to State a Claim for Relief Against a Defendant**

Plaintiff brings a claim against Gallion for unspecified constitutional violations arising from allegedly unlawful pat down searches. Because Plaintiff was a "prisoner" at Madison County Jail at the time of these searches, the Eighth Amendment governs his claims. (*See* Doc. 1-2, p. 1). The Eighth Amendment prohibits the cruel and unusual punishment of convicted persons. In this context, "[a]n unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights." *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (collecting cases). A constitutional violation can occur regardless of whether the force exerted by the assailant was significant or not. *Id*. But, this does not mean that any humiliating, intrusive, or offensive touch states an Eighth Amendment claim. If the officer had no intention[3] of humiliating or embarrassing a prisoner during a routine pat down search and derives no sexual pleasure from the search, he has not violated the prisoner's rights under the Eighth Amendment. *Washington*, 695 F.3d at 643. This is true, even if the officer conducted the search in a manner that was somewhat overzealous. *Id*.

In this particular case, Plaintiff alleges that Gallion subjected him to pat down searches that left him feeling embarrassed and humiliated. However, Plaintiff does not allege that Gallion conducted the search with the intent to humiliate or harass him, with the goal of deriving sexual pleasure from the search, over his verbal or nonverbal objections, or in a manner that was anything other than routine. All searches were conducted as part of the daily routine pat down searches for

---

[3] Subjective intent can be inferred by the Court. *Id*.

weapons and contraband.  All inmate workers were subject to the same search.  Plaintiff does not claim that the Jail's policy requiring the search was unlawful or that Gallion deviated from standard policy, custom, or practice when conducting the search.  According to the allegations, Gallion performed the searches while acting within the scope and course of his employment as a deputy sheriff.  These allegations are insufficient to support an Eighth Amendment claim against Gallion.

The related claims against Sheriff Lakin and the County fail.  The claims derive from the allegedly unlawful conduct of Gallion.  Plaintiff proceeds against both defendants on a theory of *respondeat superior* liability.  This theory of liability is not recognized under Section 1983. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).  Section 1983 instead creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Id*.  Supervisors, like the sheriff, can only be held liable for their own misconduct and not the misconduct of a subordinate. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).  A municipality can only be liable if one of its express policies, widespread practices, or customs caused a constitutional deprivation to occur. *See McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000) (citation omitted).  The allegations are insufficient to allege a constitutional deprivation on the part of the Sheriff or the County in Count 2.

The Motions to Dismiss (Docs. 7, 8, and 11) shall be granted.  The Complaint shall be dismissed without prejudice, and Plaintiff shall have an opportunity to amend the complaint, if he would like to do so.  An amended complaint should separate each claim against defendants into separate counts and state the constitutional or statutory grounds for relief against each defendant.  Plaintiff should include a coherent statement of the facts supporting each claim.  He should clearly indicate whether he was a pretrial detainee or convicted person at the time his claims arose, so the

Court analyzes his claims under the appropriate legal standard.  **Plaintiff is warned that failure to comply with these instructions and the deadline for amending the complaint shall result in dismissal of this action with prejudice.**  See FED. R. CIV. P. 41(b).

### Disposition

**IT IS ORDERED** that the Motions to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) filed by Defendants Gallion, Lakin, and Madison County, Illinois (Docs. 7, 8, and 11) are **GRANTED**.  The Complaint (Doc. 1-2) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **May 3, 2021**.  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering it void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  He should also list this case number on the first page (*i.e.*, Case No. 20-cv-1048-JPG).

**IT IS SO ORDERED.**

**DATED: 4/5/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**