IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BILLY CLARK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01048-JPG |
| | ) |
| **TERRY GALLION,** | ) |
| **JOHN D. LAKIN,** | ) |
| and **MADISON COUNTY, ILLINOIS,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On October 2, 2020, Defendants Terry Gallion, John Lakin, and Madison County, Illinois, filed a Notice of Removal in this District. (Doc. 1). Plaintiff Billy Clark, a former inmate at Madison County Jail, filed the underlying civil rights complaint pursuant to 42 U.S.C. § 1983 in the Third Judicial Circuit for Madison County, Illinois. (Doc. 1-2). In the Complaint, he asserted claims against the defendants for violations of his constitutional rights that occurred in connection with pat down searches for weapons and contraband. (*Id*. at 1-5). He requested money damages. (*Id*. at 8). Plaintiff did not object to removal, and the Court found that it was proper. (Doc. 15).

The Court screened the Complaint and addressed Defendants' Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docs, 7, 8, 11, and 15). After finding that the Complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure and also failed to state a claim for relief against any defendants, the Court dismissed the Complaint on April 5, 2021. (Doc. 15). However, Plaintiff was granted leave to file a First Amended Complaint on or before May 3, 2021. (*Id*.). He was warned that failure to do so would result in dismissal of the action. (*Id*. at 7).

1

Plaintiff missed the deadline for filing the First Amended Complaint. A week has passed since the deadline expired. He has not requested an extension.

The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 15) to file a First Amended Complaint and/or to prosecute his claims. See FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order to file a First Amended Complaint (Doc. 15) and prosecute his claims. See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2021**              s/J. Phil Gilbert
                                     **J. PHIL GILBERT**
                                     **United States District Judge**